[*109]    *In the matter of the· application of THOMAS W.
          COOK and ELIPHALET W. SHERWOOD agt. AM
BROSE KIRTLAND, Assistant Justice of the city of New
York.

An alternative mandamus will be allowed, requiring a justice to issue an execu
    tion upon a judgment rendered by and before him, where he refuses, on the
    ground of want of jurisdiction; it appearing that an appellate court decided
    that he had jurisdiction.

*April Term*, 1846. ·

MOTION *ex parte* for a mandamus.

The applicants, Cook & Sherwood, commenced a suit by per·
sonal service of summons, and on the 25th of September,
1844, recovered a judgment for $36.12 damages and costs,
before A. Kirtland, Esq., assistant justice of the city of New
York, against Daniel Cutter.

On the 1st of October last, plaintiffs' attorney in the judg-
ment applied to the justice for· execution ; the justice refused
to issue it, on the ground that he had been informed, after the
judgment was rendered, that the defendant Cutter was, at the
time the suit was commenced and judgment recovered, a non-
·resident, residing in the county of Kings, and that the sum-
mons was made returnable more than four days from its date,
in violation of the § 33 of the act entitled, "An act to abolish
imprisonment for debt," &c., passed April 26, 1831. Cook &
Sherwood thereupon commenced an action of debt on the
judgment, in the marine court of the city of New . York.
Cutter pleaded the fact that he was a non-resident at the time
the suit before the assistant justice was commenced, and judg-
ment rendered, and that the judgment was therefore  ·
void for want *of jurisdiction. The marine court      [*110]
rendered judgment for the defendant Cutter on the
ground stated.

Cook & Sherwood removed the cause from the marine
court, to the superior court of the city of New York, by cer-
tiorari, where the judgment of the marine court was reversed

without costs.   Cook & Sherwood thereupon again requested
the assistant justice (Kirtland) to issue execution on the ori-
ginal judgment rendered by and before him, who refused, on
the ground that he considered he had no jurisdiction.

A. C. BRADLEY, *counsel.*
MANN & RODMAN, *attorneys.*

BEARDSLEY, Justice.   Allowed an alternative mandamus
to require the assistant justice to issue an execution, or show
cause, &c.